```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :      18mc301 (DLC)
IN RE WATCH TOWER BIBLE AND TRACT        :
SOCIETY OF PENNNSYLVANIA'S REQUEST FOR   :   MEMORANDUM OPINION
ISSUANCE OF A SUBPOENA                   :        AND ORDER
                                         :
---------------------------------------- X
```

DENISE COTE, District Judge:

On June 27, 2018, petitioner Watch Tower Bible and Tract Society of Pennsylvania requested the issuance of a subpoena to the service provider YouTube to identify an alleged infringer of copyrighted material. The request was made pursuant to the Digital Millennium Copyright Act, 17 U.S.C. §512(h). The action was assigned to this Court as a "miscellaneous case," after petitioner opened the case electronically. The relief sought in the action is limited to the issuance of a subpoena.

DISCUSSION

17 U.S.C. § 512(h) permits a copyright owner to seek subscriber information about an alleged copyright infringer. A copyright owner may request the issuance of a subpoena "to a service provider for identification" of the alleged infringer. Such a request must include the following:

   (A) a copy of a notification described in subsection
       (c)(3)(A);
   (B) a proposed subpoena; and

(C) a sworn declaration to the effect that the purpose for which the subpoena is sought is to obtain the identity of an alleged infringer and that such information will only be used for the purpose of protecting rights under this title.

17 U.S.C. § 512(h)(2).  The notification of claimed infringement "described in subsection (c)(3)(A)" which must be included in a subpoena request "must be a written communication provided to the designated agent of a service provider."  17 U.S.C. § 512(c)(3)(A).  The notification must include "substantially" the following:

> (i) A physical or electronic signature of a person authorized to act on behalf of the owner of an exclusive right that is allegedly infringed.
> (ii) Identification of the copyrighted work claimed to have been infringed, or, if multiple copyrighted works at a single online site are covered by a single notification, a representative list of such works at that site.
> (iii) Identification of the material that is claimed to be infringing or to be the subject of infringing activity and that is to be removed or access to which is to be disabled, and information reasonably sufficient to permit the service provider to locate the material.
> (iv) Information reasonably sufficient to permit the service provider to contact the complaining party, such as an address, telephone number, and, if available, an electronic mail address at which the complaining party may be contacted.
> (v) A statement that the complaining party has a good faith belief that use of the material in the manner complained of is not authorized by the copyright owner, its agent, or the law.
> (vi) A statement that the information in the notification is accurate, and under penalty of perjury, that the complaining party is authorized to act on behalf of the owner of an exclusive right that is allegedly infringed.

Id.

Petitioner's request for the issuance of a subpoena is deficient. The request includes a proposed subpoena and a sworn declaration. The request, however, does not include a copy of a notification that meets the requirements of Section 512(c). The request includes an attachment which is described as "true and accurate copies of the submitted notifications." That attachment, however, does not match its description. The document is a form email response, from the service provider, YouTube, to, presumably, the petitioner. The subject line of the email is "Re: 1st Notice of Infringement by YouTube Channel: The UnReluctant." The petitioner has not included the original communication sent by it to YouTube, detailing the alleged infringement.[1]

A form email reply from a service provider is not "a copy of a notification described in subsection (c)(3)(A)." The exhibit attached to the subpoena request does not include any of the information enumerated in the statute. Due to the deficiencies in the petitioner's application, petitioner is not entitled to the issuance of subpoena.

---

[1] The petitioner's request also includes a link to a webpage where the infringing content is allegedly published. The content has been removed from the site "due to a copyright claim by Watch Tower Bible of Pennsylvania."

CONCLUSION

The petitioner's June 27 request for the issuance of a subpoena is denied without prejudice. The petitioner may refile its request, with appropriate supporting materials, by July 6.

Dated: New York, New York
       June 28, 2018

_____
DENISE COTE
United States District Judge